```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT


LEWIS J. HALLETT,
        - Plaintiff


        v.                    CIVIL NO. 3:11CV01181(VLB)(TPS)


MICHAEL J. ASTRUE,
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,
        - Defendant
```

## MAGISTRATE JUDGE'S OPINION

The Commissioner's determination that plaintiff is now, and has been since February 24, 2009, disabled is supported by "substantial evidence," and therefore should be affirmed. The Commissioner's determination of onset date is not supported by "substantial evidence," and is based on legal error. The findings as to onset date should be reversed. Defendant's motion for an order affirming the ALJ's decision (Dkt. 17) should be DENIED as to onset and affirmed as to the issue of <u>disability vel non</u>. Plaintiff's cross-motion to reverse the Commissioner's determination of the February 24, 2009 onset should be GRANTED. The overwhelming evidence of record indicates's that plaintiff's onset date is June 5, 2007. The matter should be remanded to the Commissioner for the purposes of calculating and paying the plaintiff the benefits he is due. Counsel should also discuss

the issue of the attorney's fees to which plaintiff's counsel should be paid.[1]

Although "substantial evidence" underlies the ALJ's determination that plaintiff was disabled as of February 4, 2009, the problem is that there is much more substantial evidence indicating that plaintiff was disabled at least as of June 5, 2007, the day of his failed left shoulder surgery.  Moreover, in the Magistrate Judge's view the ALJ's conclusion is the product of multiple legal errors.  Thus, the ALJ's conclusion as to onset date was not a fair one.

Among the many legal errors that undermine the Commissioner's onset date finding is the ALJ's apparent belief that plaintiff was required to prove that plaintiff's "impairments lasted for at least twelve months." (D. Br. Dkt. 17-1 at 14).  It is not necessary that an impairment has actually lasted twelve months, but only that the impairment is such that it reasonably be expected to last for twelve months.  Gyurko v. Harris, 487 F.Supp. 1121, 1127 (D.Conn. 1980)(Cabranes, J).

Yet another error is the ALJ's conclusion that plaintiff's intermittent cervical radiculitis and cervical spasms were not

---

[1] Plaintiff's memorandum of 43 pages together with hundreds of pages of submissions reflects erudition and commendable thoroughness.  However, the issues here were not so difficult as to justify a brief with 264 footnotes.  Nevertheless, the magistrate judge finds that plaintiff's legal analysis is correct and his factual representations reflect fidelity to the record.

"severe" impairments because Dr. Kaplan opined that plaintiff's cervical spasm "had worsened."  (D. Br. Dkt. 17-1 at 14).  This is a non-sequitur.  There is no basis in law or common sense that a finding that an impairment has "'worsened' indicates that it did not exist at a 'severe' level for the required duration." Id.  In short, the plaintiff suffered from many severe impairments that the ALJ ignored, or improperly dismissed, as insignificant.  The severity requirement, however, is intended to "weed out" only de minimis claims.  Among others, the ALJ appears to have essentially ignored the severe pain plaintiff suffered in her neck, shoulders and back.  Similarly, the ALJ appears to have given little or no weight to the depression which Dr. Lago reported plaintiff has suffered from for a long time.  According to Dr. Lago, the depression has worsened.

The ALJ's handling of plaintiff's subjective complaints of pain has been held to be improper since at least the days of Marcus v. Califano, 615 F.2d 23, 29 (2d Cir. 1979).  In the present case, there is no evidence that plaintiff's subjective complaints of pain are exaggerated.  The plaintiff's objectively demonstrated impairments are the type that can reasonably be expected to produce the pain of which plaintiff complains.  The pain has continuously worsened since June 5, 2007.  There is no substantial evidence to the contrary.  The ALJ's erroneous

handling of plaintiff's subjective complaints is fundamental error.

The Commissioner also appears to have erred in his handling of evidence supplied by plaintiff's treating physician, Dr. Handler.  It is true that the issue of whether one is "disabled" in the statutory sense is a decision for the Commissioner. Nevertheless, as a matter of common sense, due notice must be taken where a treating physician states in writing that he does not believe his patient could be gainfully employed.  If nothing else this speaks to the severity of impairments in the opinion of an expert.  It is not controlling.  But, notably, it was correct in this case because the Commissioner ultimately relented and awarded benefits.

The plaintiff's memorandum contains the weightier arguments and evidence.  The legal errors noted therein undercut the credibility of the onset date that the Commissioner has ascribed to the plaintiff's, at long last, acknowledged disability.  This is a recommendation.  Either side may seek timely review by the district judge in accordance with Rule 72(b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 72(b).  Failure to do so may bar further review.  28 U.S.C. § 636(b)(1)(B); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**Dated at Hartford, Connecticut this 16th day of July, 2012.**

                          **/s/ Thomas P. Smith**
                          **THOMAS P. SMITH**
                          **UNITED STATES MAGISTRATE JUDGE**